IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BEDFORD ALFORD,

        Plaintiff,

v.                                                                                          CIV 16-0800 KBM

SOCIAL SECURITY ADMINISTRATION and
SHANNON HAGERTY,

        Defendants.

# ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*Doc. 16)*, filed September 21, 2016 ("Amended Complaint").  For the reasons stated below, the Court will sua sponte **DISMISS** the Complaint **without prejudice.**[1] Plaintiff may file a second amended complaint within 21 days of entry of this Order.  Failure to timely file a second amended complaint may result in dismissal of this case without prejudice.

    **Dismissal for Lack of Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").  Plaintiff does not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).  Although Plaintiff filed his Amended Complaint using the form "Civil

---

[1] All parties consented to having United States Chief Magistrate Judge Karen B. Molzen conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment.  *See Doc. 12*, filed August 5, 2016.

Rights Complaint Pursuant to 42 U.S.C. § 1983," which states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983," Plaintiff makes no allegations that he was deprived, under color of state law, of any right, privilege or immunity secured by the Constitution or laws of the United States.

It is not apparent from the allegations in Plaintiff's Amended Complaint that the Court has jurisdiction over this matter. Plaintiff asserts claims against the Social Security Administration and one of its employees, Shannon Hagerty, for "willfull [sic] negligence, operating under false pretenses, and deceptive practices." With respect to the willful negligence tort claims, the administrative-exhaustion requirement applicable to claims pursuant to Federal Tort Claims Act "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015). "[T]o meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims within six months of presentment, they may thereafter deem the claims (constructively) denied." *Id.* The Federal Tort Claims Act requirement to exhaust administrative remedies before appearing in federal court is jurisdictional and cannot be waived. *Estate of Cummings v. United States*, 2016 WL 3251897 *4 (10th Cir.). There are no allegations in the Amended Complaint which show that Plaintiff exhausted his administrative remedies regarding the willful negligence tort claim.

Construing the Amended Complaint liberally, it appears Plaintiff may also be asserting a claim for denial of benefits. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed). Plaintiff refers to telephone conversations

with Defendant Hagerty in which he inquires about whether she found the "report of blindness," indicates he was seeking additional benefits, and refers to the Social Security Administration's administrative procedure of "reconsideration."  It is not apparent from the allegations regarding the denial of benefits that the Court has jurisdiction over this matter.  The Social Security Act permits judicial review of a decision by the Commissioner only if the decision is a final decision made after a hearing.  *See*  42 U.S.C. § 405(g).  To have a final decision after hearing, a claimant must have exhausted his administrative remedies by completing each step of the administrative review process which are:  (i) an initial determination; (ii) a reconsideration of the initial determination; (ii) a hearing by an administrative law judge; (iii) and a review by the Appeals Council.  *See Griffin v. Astrue*, 300 Fed.Appx. 615, 616-617 (10th Cir. 2008).   There are no allegations in the Amended Complaint which show that Plaintiff exhausted his administrative remedies regarding any denial of benefits claim.

Finally, Plaintiff does not cite any federal or state legal authority on which he bases his "operating under false pretenses" and "deceptive practices" claims.  *See*  28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under the Constitution or laws of the United States).  The Court cannot exercise supplemental jurisdiction over any claims pursuant to state law, because it does not have subject matter jurisdiction over the negligence or denial of benefits claims.  *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1167 (10th Cir. 2004) ("[W]hen a district court dismisses the federal claims for lack of subject matter jurisdiction, it lacks such discretion and must dismiss the supplemental claims without prejudice").

The Court will dismiss Plaintiff's Amended Complaint without prejudice because Plaintiff

has not met his burden of alleging facts that support jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").  Plaintiff shall have 21 days from entry of this Order to file a second amended complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").  Failure to timely file a second amended complaint may result in dismissal of this case without prejudice.

### Change of Address

Two recent documents that the Court mailed to Plaintiff were returned to the Court marked "Return to Sender, Attempted – Not Know, Unable to Forward" and "Return to Sender, No Such Number, Unable to Forward."  *See Docs. 13 & 18*, filed August 15 and October 3, 2016.  "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses."  D.N.M.LR-Civ. 83.6.  Plaintiff has not notified the Court of any change in his mailing address.

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 16, filed September 21, 2016, is **DISMISSED without prejudice.** Plaintiff may file a second amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**