IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BEDFORD ALFORD,

    Plaintiff,

v.                                                                                                    CIV 16-0800 KBM

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER FOR PLAINTIFF TO UPDATE ADDRESS AND FOR SERVICE OF THE SECOND AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiff's Second Amended Complaint *(Doc. 16)*, filed October 25, 2016. Almost three weeks earlier on October 5, 2016, the Court dismissed Plaintiff's Amended Complaint without prejudice because he had not met his burden of alleging facts that support jurisdiction. *Doc. 19*; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Plaintiff has taken up the Court on the opportunity to file another amended complaint to set forth allegations sufficient to show that this Court has subject matter jurisdiction. *See Doc. 19*.

**Subject Matter Jurisdiction over Appeal of Denial of Benefits Claim**

Insofar as Plaintiff appears to seek an appeal the Commissioner's denial of disability benefits, Plaintiff has now met that burden of showing jurisdiction over that claim. Specifically, the Social Security Act permits judicial review of a decision by the Commissioner only if the

decision is a final decision made after a hearing. *See* 42 U.S.C. § 405(g). To have a final decision after hearing, a claimant must have exhausted his administrative remedies by completing each step of the administrative review process: (i) an initial determination; (ii) a reconsideration of the initial determination; (iii) a hearing by an administrative law judge; and (iv) a review by the Appeals Council. *See Griffin v. Astrue*, 300 F. App'x 615, 616-617 (10th Cir. 2008). The Second Amended Complaint, when construed liberally as the Court must with a pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), adequately alleges exhaustion of administrative remedies. *See Doc. 20* ¶ 5 ("Plaintiff has completed four phases of application process thru Appeals Counsel [sic]."). On the other hand, Plaintiff fails to state any other viable claims over which this Court would have jurisdiction for the reasons previously stated in my Order of October 5, 2016. *See Doc. 19*.

**Change of Address**

The Court remains concerned, however, that Plaintiff has failed to sufficiently comply with his obligation to sufficiently update an address for delivery of mail such that notice can be provided and service accomplished. As previously noted, two documents that the Court mailed to Plaintiff were returned to the Court marked "Return to Sender, Attempted – Not Know, Unable to Forward" and "Return to Sender, No Such Number, Unable to Forward." *See Doc. 13 and 18*, filed August 15 and October 3, 2016.

Again, "[a]ll attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses." D.N.M.LR-Civ. 83.6. Plaintiff asserts that he is homeless, so it understandably may be difficult for him to meet this obligation. But in paragraph 6 of the Second Amended Complaint, Plaintiff states, "Not to Worry, my mail is

received under the care of; Danny Whatley, Retired Supervisor of Deputy Marshals, they don't fail." The Court is at a loss how the United States Postal Service can accomplish delivery to such an address, however.

Wherefore,

**IT IS ORDERED** that Plaintiff shall provide the Clerk's Office with a full and complete working mailing address no later than November 4, 2016. Failure to do so could result in sanctions, including dismissal of this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Summons and Second Amended Complaint on the United States Attorney, the Attorney General, and the Office of the General Counsel, in accordance with Fed. R. Civ. P. 4(c)(3).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent of the Parties