IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BEDFORD ALFORD,

       Plaintiff,

v.                                                                                                                  CIV 16-0800 KBM

NANCY A BERRYHILL,
Acting Commissioner of Social Security,[1]

       Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss (*Doc. 31*), filed January 13, 2017. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 4, 11 & 12*. Having considered the submissions of the parties and the relevant law, the Court will grant the Motion.

    **I.**       **FACTS AND PROCEDURAL BACKGROUND**

Plaintiff applied for Title II disability benefits on September 22, 2015. *Doc. 31-1* at 2. Plaintiff's application for benefits was denied initially on December 1, 2015, and upon reconsideration on February 9, 2016. *Id.*; *see also Doc. 20* at 23. Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ") on April 12, 2016. *Doc. 31-1* at 2. Before there was a ruling on his request for a hearing before an ALJ, Plaintiff initiated this federal court action on July 8, 2016. *See Doc. 1*.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

1

In the original Complaint, Plaintiff alleged "gross negligence (manifest)" on the part of the Social Security Administration. *See id.* at 3. Plaintiff later filed an Amended Complaint on September 21, 2016, this time naming as an additional Defendant Shannon Hagerty, an agency employee, and alleging "willful negligence, operating under false pretenses and deceptive practices" on her part and that of the agency. *See Doc. 16* at 7-9.

The Court dismissed the Amended Complaint without prejudice on October 5, 2016, finding that Plaintiff failed to satisfy the administrative exhaustion requirements of the Federal Tort Claims Act. *See Doc. 19* at 2. Construing the pro se Amended Complaint liberally as is required, the Court further determined that it asserted a claim for denial of Social Security benefits, but that Plaintiff failed to allege exhaustion of his administrative remedies as required by the Social Security Act. *See id.* at 3. The Court explained that the "Social Security Act permits judicial review of a decision by the Commissioner only if the decision is a final decision made after a hearing." *See* 42 U.S.C. § 405(g). Thus, the Amended Complaint was dismissed because it was devoid of allegations as to exhaustion of administrative remedies regarding denial of benefits.

Plaintiff then filed a Second Amended Complaint on October 25, 2016. *See Doc. 20*. While he still alleges negligence, Plaintiff makes no mention of the Federal Tort Claims Act or any attempt to exhaust remedies for such a claim. The Court therefore considers that claim abandoned. As to a denial of benefits, Plaintiff now states that he "has completed four phases of application process thru. (sic) Appeals Counsel (sic), they do nothing, they know I am homeless, wholly disabled." *Id.* at 2. Again liberally construing these new allegations, this Court determined that

> [i]nsofar as Plaintiff appears to seek an appeal [of] the Commissioner's denial of disability benefits, Plaintiff has now met that burden of showing jurisdiction over that claim. Specifically, the Social Security Act permits judicial review of a decision by the Commissioner only if the decision is a final decision made after a hearing. *See* 42 U.S.C. § 405(g). To have a final decision after hearing, a claimant must have exhausted his administrative remedies by completing each step of the administrative review process: (i) an initial determination; (ii) a reconsideration of the initial determination; (iii) a hearing by an administrative law judge; and (iv) a review by the Appeals Council. *See Griffin v. Astrue*, 300 F. App'x 615, 616-617 (10th Cir. 2008). The Second Amended Complaint, when construed liberally as the Court must with a pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), adequately alleges exhaustion of administrative remedies. *See Doc. 20 ¶ 5* ("Plaintiff has completed four phases of application process thru Appeals Counsel [sic]."). On the other hand, Plaintiff fails to state any other viable claims over which this Court would have jurisdiction for the reasons previously stated in my Order of October 5, 2016. *See Doc. 19*.

*Doc. 21* at 1-2. The Court accordingly ordered the United States Marshal to serve the Second Amended Complaint on the United States Attorney, the Attorney General, and the Office of the General Counsel, in accordance with Fed. R. Civ. P. 4(c)(3). *Id.* at 3. Defendant did not answer, but instead filed the present Motion to Dismiss. *Doc. 16*.

## II. ANALYSIS

A party may move the Court to dismiss a case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).. Moreover,

> [w]hen making a rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends, and may do so by relying on affidavits or other evidence properly before the court. In those instances where the parties go beyond the pleadings, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion for summary judgment.

*Begay v. United States*, 188 F. Supp. 3d 1047, 1070 (D.N.M. 2016) (citing to *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995) (Brorby, J.); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995) (Baldock, J.). Here, both

3

Plaintiff and Defendant have submitted evidence that is relevant for the Court's consideration on the instant motion to dismiss for lack of subject matter jurisdiction.

Again, a federal court has jurisdiction to review only final decisions of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g); 42 U.S.C. § 405(h); *Califano v. Sanders*, 430 U.S. 99 (1977).

> The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

20 C.F.R. § 404.900(a)(1)-(4). Only after a claimant has completed these four steps is the administrative process complete, resulting in a "final decision." 20 C.F.R. § 404.900(a)(5); *see Guy v. Barnhart*, 62 F. App'x 848, 850 (10th Cir. 2003) ("A federal court has jurisdiction over a Social Security case only when the administrative review process has been completed.") (citing 20 C.F.R. § 416.1400(a)(5)).

In the Second Amended Complaint, Plaintiff simply asserts that he "completed four phases of application process thru (sic) Appeals Counsel (sic)," *Doc. 20* at 2. Defendant's motion, however, argues that this Court lacks jurisdiction because there is no "final decision" because Plaintiff did not actually complete the administrative process.

When Mr. Alford filed this federal action on July 8, 2016, he had a request for a hearing pending before an ALJ pending in the administrative proceedings. Less than a

4

week later on July 13, 2016, ALJ Ben Ballengee denied that request for a hearing in a Dismissal Order in which he found:

> An Administrative Law Judge may dismiss a request for hearing if the person requesting the hearing has no right to it (20 CFR 404.957(c)(2)). A claimant has a right to hearing if reconsideration determination has been made (20 CFR 404.930).
>
> There is no indication in the record that a reconsideration determination has been made in this case. Accordingly, the claimant does not have a right to a hearing and the request for hearing dated April 13, 2016 is dismissed. This case will be returned to the Field Office for a reconsideration determination.

*Doc. 31-1* at 7. Less than a week later on July 18, 2016, ALJ Ballengee again denied Plaintiff's request for a hearing, stating:

> This case was erroneously reopened at the hearing level. There is no indication in the record that a reconsideration determination has been made in this case. Accordingly, the claimant does not have a right to a hearing and the request for hearing dated April 13, 2016 is dismissed. The case is being returned to the Field Office for reconsideration determination.

*Doc. 31-1* at 11.[2] These findings by ALJ Ballengee appear to be erroneous – the documents before the Court clearly establish that before requesting a hearing, Plaintiff's claim, in fact, had been denied at the reconsideration level. *Doc. 20* at 23 (February 9, 2016 Letter from SSA stating "You asked us to take another look at your Social Security disability case. . . . [W]e found that our first decision was correct."); *see also Doc. 31-1* at 2, Declaration of Kathie Hartt ("He was denied at the initial level December 1, 2015, and at the reconsideration level February 9, 2016."); *Doc. 20* at 10, Attorney Letter to

---

[2] The regulations provide that an ALJ may dismiss a request for a hearing where it is determined that the claimant "has no right to it under [20 C.F.R.] § 404.930[.]" 20 C.F.R. § 404.957(c)(2). Under 20 C.F.R. § 404.930, a claimant may request a hearing before an ALJ if the agency has made a reconsideration determination. 20 C.F.R. § 404.930(a)(1).

Plaintiff dated February 16, 2016 (indicating enclosure of "a letter from SSA dated 2/9/16 in which they have denied your claim for SSD benefits.").

Importantly, a Notice accompanied both of ALJ Ballengee's Orders. The Notice informed Plaintiff that if he disagreed with the Orders of Dismissal, he could file an appeal with the Appeals Council or ask ALJ Ballengee to vacate or set aside the order. *Doc. 31-1* at 4, 8. The Notice further instructed Plaintiff on how to file an appeal, stating that he "must ask in writing that the Appeals Council review [the ALJ's] Order of Dismissal." *Id.* The Acting Commissioner contends that Plaintiff failed to ask ALJ Ballengee to set aside his dismissal orders or to request review by the Appeals Council of those orders denying a hearing before an ALJ.

In support of that contention, Defendant has attached submitted the affidavit of Kathie Hartt of the Agency's Office of Disability Adjudication and Review in which she testifies that "claimant did not request review of [ALJ Ballengee's] dismissal by the Appeals Council prior to filing in federal court." *Doc. 31-1* at 3. Plaintiff has come forward with no evidence to the contrary. *See generally Docs. 20, 32*. Absent evidence that Plaintiff appealed the ALJ's decisions to dismiss the hearings in his case to the Appeals Council, this Court simply cannot exercise jurisdiction over this case, as there has been no "final decision" by the Commissioner after a hearing. *See Suciu v. Barnhart*, 405 F. Supp. 2d 874, 877 (M.D. Tenn. 2005) ("The Sixth Circuit has repeatedly held that because a decision to deny a hearing request is itself made without a hearing, that decision does not fall within the purview of 42 U.S.C. § 405(g), which requires a 'final decision of the Secretary made after a hearing' to confer a right to judicial review.") (citations omitted); *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000)

("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. . . . In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.") (citations omitted).

### III.     CONCLUSION

Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over his claims as there has been no "final decision" as required by 42 U.S.C. § 405(g).

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss (*Doc. 31*) is granted, and the Court will issue a final order pursuant to Rule 58 of the Federal Rules of Civil Procedure.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent