IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BEDFORD ALFORD,

    Plaintiff,

v.                                                                                        CIV 16-0800 KBM

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

# **ORDER GRANTING RECONSIDERATION AND REOPENING CASE**

    THIS MATTER comes before the Court on *Document 43*, which the Court has liberally construed as a third request for reconsideration filed by the Plaintiff, who is proceeding *pro se*. *See Bell v. Soc. Sec. Admin., Court of Appeals (ALJ)*, No. 17-6005, 2017 WL 2645521, at *1 (10th Cir. June 20, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010)). For the reasons that follow, the Court will grant the Motion, reopen this case, and order Defendant to file an Answer or otherwise plead so that this case may proceed to briefing on the merits of Plaintiff's appeal.

    While Plaintiff's *pro se* filings make his intent difficult to decipher, at its heart, this case is an appeal of the Commissioner's treatment of Plaintiff's application for social security benefits initiated pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 404.981. However, this Court may only review "final decision[s]" of the Commissioner. 42 U.S.C. § 405(g). Accordingly, because Plaintiff originally failed to exhaust the administrative

remedies available to him under the Social Security Act, this Court dismissed this case without prejudice on March 15, 2017. *Docs. 37, 38*.

Plaintiff filed his first request for reconsideration of this Court's decision dismissing his case on March 20, 2017. *See Doc. 38*. Plaintiff later filed a Notice of Completion of Briefing as to his first request on May 22, 2017. *See Doc. 40*. Plaintiff's request itself contained no evidence that there had been a "final decision" in his administrative case. *See Doc. 38*. Accordingly, it was denied. *Doc. 40*. Plaintiff subsequently filed a second motion for reconsideration, which this Court denied for similar reasons. *See Docs. 41, 42*.

Finally, on June 13, 2017, Plaintiff filed his third request for reconsideration. *See Doc. 43* (erroneously docketed and referred to in Order of June 14, 2017 as the "Second Motion/Request for Modification). Although still largely unhelpful, the Court noted that this request attached a decision of the Appeals Council, dated April 5, 2017. *Doc. 43* at 10. Accordingly, the Court ordered the Commissioner to file a response discussing whether the Court may now exercise jurisdiction over Plaintiff's case. *See Doc. 44*. In her response, the Commissioner "acknowledges that the Appeals Council's fully favorable decision dated April 5, 2017 represents a 'final decision' for the purposes of 42 U.S.C. § 405(g).'" *Doc. 45* at 1. However, she contends that Plaintiff's third request for reconsideration came too late, and that even if it is "liberally construed to be an amendment of his original complaint . . . Plaintiff nonetheless failed to seek review within 60 days" of the Agency's "final decision." *Id.* Accordingly, the Commissioner "contends that this Court should continue to decline to exercise jurisdiction over Plaintiff's complaint." *Id.* at 1-2.

The Commissioner's point would be valid if it did not rest upon a flawed premise. While it is true that Plaintiff's June 13 filing would be too late to challenge the Commissioner's decision, *see* 42 U.S.C. § 405(g) and 20 C.F.R. § 404.981, that is not the first time that Plaintiff alerted the Court and the Commissioner to the fact that the Agency had issued a "final decision." Both the Commissioner and the Court neglected to closely analyze Plaintiff's "Notice of Completion of Briefing," filed May 22, 2017. Had we done so, the jurisdictional basis for Plaintiff's action would have been clear as of that date. *See Doc. 39* at 12-14 (attaching the Decision of the Appeals Council).

Accordingly, because Plaintiff's "Notice of Completion of Briefing" was docketed within 60 days of the "final decision" of the Commissioner, this Court will treat it as an amendment to Plaintiff's original Complaint which satisfies this Court's jurisdiction. This result is consistent with Rule 1 of the Federal Rules of Civil Procedure, which states that all of the rules "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

WHEREFORE, Plaintiff's third request for reconsideration (*Doc. 43*) is granted. This case shall be reopened, and the Commissioner shall Answer or otherwise plead within fourteen (14) days of the entry of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent