IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BEDFORD ALFORD,

       Plaintiff,

v.                                                                                    CIV 16-0800 KBM

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security Administration,

       Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a series of motions. Mr. James Alford (Plaintiff), who is proceeding pro se, filed this action to appeal the Appeals Council's decision granting his 2015 applications for disability insurance benefits (DBI) and supplemental security income (SSI). *See Doc. 57*. Plaintiff has also moved for other miscellaneous relief. *See Docs. 57*; *59*; *60*; *71*; *72*. The Commissioner opposes Plaintiff's requests. *See Doc. 65*.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4, 11, 12.* For the reasons set forth below, the Court will deny Plaintiff's motions and dismiss this action with prejudice.

I.  **Background**

In 2015, Plaintiff filed applications for DBI under Title II of the Social Security Act (SSA), and for SSI under Title XVI of the SSA. Administrative Record[1] (AR) at 104-18. In both of his applications, Plaintiff alleged a disability onset date of June 1, 2015. AR at 104, 112. The State agency approved the SSI claim with an established onset date of September 30, 2015, but denied the DBI claim on the basis that there was no evidence Plaintiff became disabled before his date last insured, which was then listed as March 31, 2014. AR at 8.

Plaintiff filed a request for review of this decision. *See* AR at 64-69. At some point, the Agency received evidence that Plaintiff's date last insured was March 31, 2017, rather than 2014. AR at 8. Plaintiff then received a fully favorable decision, as the Appeals Council allowed Plaintiff's DBI claim in addition to his SSI claim and found that Plaintiff "is disabled under the framework of Medical-Vocational Rule 202.06, beginning on June 1, 2015 . . . ." AR at 9.

Plaintiff then filed his Motion to Reverse and/or Remand the Commissioner's decision, and asks the Court to amend his disability onset date and to increase the amount of his benefits award. *See Doc. 57*.

II. **Applicable Law**

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the

---

[1] Documents 53-1 through 53-5 contain the sealed Administrative Record. *See Docs. 53-1 through 53-5.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted)).

The Court construes the pro se Plaintiff's pleadings liberally and holds him "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

### III. The Court will deny Plaintiff's Motion to Reverse or Remand.

Plaintiff seeks reversal of his favorable decision and argues that the Appeals Council erred in accepting the disability onset date he alleged in his applications. *See Doc. 57* at 3. Plaintiff also asks the Court to increase the amount of his award, but he does not allege that the Commissioner erred in calculating his award. *See id.* The Commissioner argues that the Court should affirm the Commissioner's decision both because the Commissioner used the onset date Plaintiff alleged in his applications, and because the decision is supported by substantial evidence. *See Doc. 65* at 2-9.

Moreover, the Commissioner argues Plaintiff would not be entitled to an earlier onset date, as he engaged in substantial gainful activity (SGA) from 2013 through 2015. *Id.* at 6-7. The Court finds it appropriate to deny Plaintiff's motion and dismiss this matter on two grounds: first, Plaintiff's claim fails on the merits; second, Plaintiff does not have statutory standing to bring this appeal.

### A. The Commissioner's decision is supported by substantial evidence.

Plaintiff asks the Court to amend his disability onset date. "Social Security Ruling 83-20 defines the onset date as 'the first day an individual is disabled as defined in the Act and the regulations.'" *Ray v. Apfel*, No. 99-7081, 2000 WL 342493, at *1-2 (10th Cir. Apr. 3, 2000) (quoting *Reid v. Chater*, 71 F.3d 372, 373 (10th Cir.1995) (quoting SSR 83-20, 1983 WL 31249, at *3 (Jan. 1, 1983))). "Factors relevant to the determination are the claimant's allegation of an onset date, his work history, and the medical evidence, with medical evidence being the primary element in determining onset date." *Id.* at *2 (quoting *Reid*, 71 F.3d at 373). "[T]he date alleged by the individual should be used if it is consistent with all the evidence available. . . . However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." *Id.* (quoting SSR 83-20, 1983 WL 31249, at *3).

Here, it was Plaintiff himself who originally alleged the June 1, 2015 disability onset date in his 2015 applications. *See* AR at 104, 112. Plaintiff does not argue that his choice to list June 1, 2015, as his disability onset date in his DBI and SSI applications was the result of confusion, coercion, or typographical error. Only now, after a fully favorable decision, does Plaintiff argue that his medical conditions began years before the disability onset date he alleged. *See Doc. 57*.

4

The record makes clear that Plaintiff was capable of engaging in SGA for the years 2013, 2014, and 2015. "To be eligible for disability benefits, a person must be unable to engage in [SGA]. A person who is earning more than a certain monthly amount (net of impairment-related work expenses) is ordinarily considered to be engaging in SGA." Social Security, *Substantial Gainful Activity*, https://www.ssa.gov/OACT/COLA/sga.html (last visited April 21, 2018). For the year 2013, a non-blind individual who earns $1,040 or more per month is considered to be engaged in SGA. *Id.* Plaintiff earned $23,027.50 in 2013, or $1919.79 monthly. *See* Supp. AR at 1516; *see also* Doc. 65 at 7; 20 C.F.R. § 404.1574(b)(2). For the year 2014, a non-blind individual who earns $1,070 or more per month is considered to be engaged in SGA. Social Security, *Substantial Gainful Activity*, https://www.ssa.gov/OACT/COLA/sga.html. Plaintiff earned $22,596.50 in 2014, or $1883.04 monthly. *See* Supp. AR at 1516; *see also* Doc. 65 at 7; 20 C.F.R. § 404.1574(b)(2). For the year 2015, a non-blind individual who earns $1,090 or more per month is considered to be engaged in SGA. Social Security, *Substantial Gainful Activity*, https://www.ssa.gov/OACT/COLA/sga.html. Plaintiff earned $8,517.00 in 2015 and stopped working in May. *See* Supp. AR at 1516; AR at 131. To calculate Plaintiff's 2015 monthly income, the regulations provide that the annual earnings are divided by the number of months worked, which means that Plaintiff earned $1,703.40 monthly.[2]

---

[2] "The Social Security Act specifies a higher SGA amount for statutorily blind individuals . . . ." Social Security, *Substantial Gainful Activity*, https://www.ssa.gov/OACT/COLA/sga.html. For example, the SGA amount for blind individuals was $1,740/month in 2013, $1,800/month in 2014, and $1,820/month in 2015. *See id.* Plaintiff's monthly earnings exceeded the SGA amount for blind individuals in 2013 and 2014, but dipped below the 2015 figure. *See id.*; Supp. AR at 1516.

*See* SSR 83-35, 1983 WL 31257, at *1 (Jan. 1, 1983); Supp. AR at 1516; *Doc. 65* at 6 n.2.

Plaintiff affirmed in his SSI application that he had "reviewed [his] earnings record[, and] the earnings posted appear to be correct." AR at 113. The Court finds that Plaintiff's earnings establish that he was engaged in SGA at least in the years 2013-15 prior to his alleged disability onset date.

The medical evidence reflects, however, that Plaintiff's medical impairments began earlier than 2015. Most notably, Plaintiff's records show that he had a work-related injury in April 2009, in which he sustained injuries to his right knee, ankle, and fibula. *See* AR at 268, 281; *see also* AR at 471-1320 (relevant worker's compensation records).

In May 2012, Plaintiff was admitted to the hospital and diagnosed with malignant hypertension. *See* AR at 239, 243, 247-63. As a result of his hypertension, he

---

The record evidence shows that Plaintiff did suffer from temporary blindness due to hypertension during a 2012 hospital stay, but the doctor's notes reflect that Plaintiff's "vision slowly recovered" during the same stay, and he was left with "some blurring of vision." AR at 1347; *see also* AR at 226, 239. There are very few subsequent records regarding Plaintiff's vision problems, although the Court recognizes that Plaintiff has been homeless and presumptively unable to afford consistent medical care. *See, e.g.*, AR at 47.

Plaintiff's own allegations, though, regarding his vision have been inconsistent. In his 2015 SSI application, he affirmed that "I am not blind" (AR at 104), yet in a 2016 pro se filing, he lists blindness as a condition (AR at 85). Other notes in the Disability Determination Explanation, both at the initial and reconsideration levels, show that Plaintiff has "bad vision (sometimes worse)" (AR at 29, 34, 35), worsening vision (AR at 30), a determination of a "Visual Disturbances" Impairment listed as "Non Severe" (AR at 36), a finding that "Presumptive Blindness [is not] appropriate for this claim" (AR at 42), and a state agency record source statement that Plaintiff has "relevant visual limitations" (AR at 43). The Appeals Council did not list blindness as one of Plaintiff's impairments, nor are there any RFC limitations or other findings specifically related to blindness or vision problems. AR at 5-11. More importantly, Plaintiff never asserts in the motions before this Court that the Appeals Council erred in *not* finding blindness as an impairment. *See Docs. 57*; *59*; *60*; *71*; *72*. Consequently, the Court finds that in determining whether Plaintiff was engaged in SGA for 2015, the appropriate monthly number to look at is that of non-blind individuals, rather than blind individuals.

experienced vision loss, nausea, and vomiting. AR at 239. In June 2012, Plaintiff returned to the hospital for a "hypertensive urgency" event. AR at 1347. The treating physician noted that Plaintiff did not take the medications he was prescribed in May, and that while "[h]is vision slowly recovered, . . . he still has some blurring of vision." AR at 1347-48.

Finally, in March 2013, Plaintiff was hospitalized for a hemorrhagic stroke. AR at 404, 398-446. Plaintiff's symptoms included aphasia, a weak/numb right hand, and dizziness. *See* AR at 398, 404. The medical record is otherwise largely devoid of ongoing treatment or complications from Plaintiff's impairments.

The selection of a disability onset date "need be supported only by the usual 'substantial evidence' and need not refute other potentially reasonable dates." *Davis v. Shalala*, No. 92-7149, 1993 WL 340910, at *2 (10th Cir. Aug. 26, 1993) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989); *Pugh v. Bowen*, 870 F.2d 1271, 1278-79 (7th Cir. 1989)). Substantial evidence merely "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations omitted). Here, while it is clear that Plaintiff has suffered from several impairments since 2009, he has not demonstrated that his impairments significantly affected his ability to perform SGA until he stopped working in 2015. Under the regulations, a claimant cannot be considered disabled if he is engaged in SGA. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). The regulations provide that "[i]f you are working and the work you are doing is substantial gainful activity, we will find that you are **not disabled regardless of your medical condition** or your age, education, and work experience." 20 C.F.R. § 404.1520(b);

7

416.920(b) (emphasis added). Under the circumstances of this case, the Court finds that the Commissioner's determination of Plaintiff's disability onset date is supported by substantial evidence.

### B. The Court has no jurisdiction to consider Plaintiff's 2012 applications.

The Commissioner submitted evidence regarding applications Plaintiff filed for SSI and DBI benefits in 2012. *See* Supp. AR at 1517-34. After Plaintiff "failed to attend a scheduled Consultative Medical Examination" related to his applications, the Agency denied his applications on the basis that there was insufficient medical evidence in the record to adjudicate his case. *See* Supp. AR at 1522. Plaintiff asserts that he received notice of the evaluation only *after* the evaluation was scheduled to take place because the Agency sent it to the wrong address. *Doc. 60* at 2. Plaintiff also contends that he never received notice of the Agency's decision denying his 2012 claims. *Doc. 69* at 1-2 ("S.S.A. has kept this decision secret, or they had lost it."). The Court notes, however, that Plaintiff wrote in his 2015 Disability Report that his August 2012 "original application" was "refused under false pretenses." AR at 149, 166.

Regardless, the Court is without jurisdiction to evaluate the 2012 denial of Plaintiff's applications. Plaintiff never appealed the denial, thus he has not received a "final decision" and cannot obtain review of the decision in this Court. *See* 42 U.S.C. § 405(g).

### C. There is no basis for the Court to increase Plaintiff's benefits award.

Finally, Plaintiff summarily requests that the Court increase the amount of his monthly disability benefits award. *See Doc. 57* at 1. Plaintiff does not argue that the

Commissioner calculated his award incorrectly, and he provides no argument that would allow the Court to grant this request. Thus, the request is denied.

### D. Plaintiff lacks statutory standing to bring this appeal.

The Commissioner did not raise the issue of statutory standing, but the Court finds it appropriate to address here.[3] *See*, *e.g.*, *Louis v. Comm'r of Soc. Sec.,* No. 6:07-CV-557, 2008 WL 1882707, at *2 (N.D.N.Y. Apr. 10, 2008) ("Although not raised by Defendant, an additional basis for dismissing Plaintiff's Complaint is that he was the recipient of a fully favorable decision from the Appeals Council. The decision was fully favorable because Plaintiff, through counsel, asserted an onset date of May 1, 1981, and the Appeals Council's decision found that Plaintiff has been disabled since May 1, 1981."), *adopted* by 2008 WL 1882706 (N.D.N.Y. Apr. 24, 2008), *aff'd* 349 F. App'x 576 (2d Cir. 2009) (per curiam); *Figueroa v. Astrue*, No. CA C-10-393, 2011 WL 3502394, at *1-16 (S.D. Tex. July 19, 2011), R&R adopted, No. CIV.A. C-10-393, 2011 WL 3502392 (S.D. Tex. Aug. 10, 2011) ("As a general matter, courts may, on their own motion, consider standing to appeal.") (citations omitted).

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by [filing] a civil action" in federal district court. 42 U.S.C. § 405(g). Federal courts have routinely held, however, that § 405(g) "makes no provision for judicial review of a determination favorable to the complainant." *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x. 74, 75 (2d Cir. 2009) (quoting *Jones v. Califano*,

---

[3] The Tenth Circuit has noted that a court need not address statutory standing "if the court determines that the plaintiff loses on the merits anyway." *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005). In this case, the Court finds that Plaintiff's case should be dismissed under either analysis.

576 F.2d 12, 19 (2d Cir. 1978)); citing *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir. 1983)); *see also Buck v. Sec'y of Health & Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review."). In this case, Plaintiff alleged a disability onset date of June 1, 2015, and the Appeals Council ultimately granted both his SSI and DBI applications with his chosen disability onset date. Consequently, Plaintiff received a fully favorable decision and lacks statutory standing to appeal the Commissioner's decision. *See Figueroa*, 2011 WL 3502394, at *16. The Court must, therefore, dismiss the action with prejudice.[4]

## IV. The Court will dismiss Plaintiff's remaining motions.

Plaintiff moves for other miscellaneous relief. First, it appears that Plaintiff has asked the Court to "grant him a waiver that would permit him to receive Social Security retirement benefits prior to attaining the age of 62." *Doc. 65* at 10 (discussing *Doc. 59*). While the Court acknowledges that Plaintiff worked for 40 years in pursuit of retirement (*see Doc. 59* at 1), the Court is without authority to waive eligibility requirements for retirement benefits. *See* 42 U.S.C. § 402(a) (providing that "[o]ld-age insurance benefits" are available only to individuals who have "attained age 62," among other requirements); *see also* 20 C.F.R. § 404.409(c) (affirming that individuals may "receive old-age . . . benefits at age 62"). This request will be denied.

---

[4] As the *Figueroa* Court noted, "[b]ecause Plaintiff's lack of statutory standing results from his failure to challenge the onset date before the ALJ, the defect cannot be cured through anything short of filing another application with the Social Security Administration alleging an earlier onset date . . . ." *Figueroa*, 2011 WL 3502394, at *16 n.7 (citation omitted). The Court's dismissal of this action does not "prejudice Plaintiff's right to file such an application and, if it is rejected, to appeal *that* ruling to federal court." *Id.* (citations omitted).

Second, Plaintiff has again alleged certain claims against the United States and the Commissioner for "gross negligence, willfull [sic] negligence, and breaches of contract, duty, and trust." *See Docs. 60*; *71*; *72*. As the Court found earlier in these proceedings, any alleged tort claims are barred due to the fact that Plaintiff has not shown administrative exhaustion of those claims. *See Doc. 19* at 2 (noting that the Federal Tort Claims Act's administrative-exhaustion requirement "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" (quoting *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (internal quotation omitted))). As Plaintiff has not shown that his tort claims are exhausted, this Court is without jurisdiction to consider them.

Finally, as the Commissioner notes in her responsive brief, Plaintiff's remaining causes of action for breaches of contract, duty, and trust are not cognizable in this action. *See Doc. 65* at 10. "42 U.S.C. §§ 405(g) and (h)[ ] allow for judicial review 'after any final decision of the Secretary' and disallow judicial review 'except as herein provided.'" *Mich. Ass'n of Homes & Servs. for Aging, Inc. v. Shalala*, 127 F.3d 496, 497 (6th Cir. 1997) (quoting 42 U.S.C. §§ 405(g), (h)). "Section 405(h) then expressly disallows judicial review of administrative action under the general provisions supporting federal question jurisdiction found in 28 U.S.C. §§ 1331 and 1346. The courts have read Section 405(g) to require presentment of claims to the Secretary and exhaustion of administrative remedies . . . ." *Id.* Plaintiff has not exhausted these claims alleging breaches of contract, duty, and trust, and this Court is without jurisdiction to review them.

## V.  Conclusion

The Court finds that Plaintiff's Motion to Reverse and/or Remand should be denied because the Commissioner's determination of Plaintiff's disability onset date is supported by substantial evidence. Additionally, having received a fully favorable decision, Plaintiff lacks statutory standing to appeal the Commissioner's decision. Finally, the Court will dismiss Plaintiff's remaining motions because it lacks jurisdiction to hear the claims.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and/or Remand (*Doc. 57*), Motion for Waiver (*Doc. 59*), Memorandum re: Gross Negligence, Willfull Negligence, Breaches of Contract, Duty, and Trust (*Doc. 60*), Motion for Judgement of the Torts and the Date of Disability and the Amount of Benefits (*Doc. 71*), and Second Motion for Judgement of the Torts and the Date of Disability and the Amount of Benefits (*Doc. 72*) are all **denied**, and this action is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court will enter concurrently herewith a Final Order, pursuant to Rule 58 of the Federal Rules of Civil Procedure, affirming the decision of the Acting Commissioner and dismissing this case with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent